**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GUARDADO, | No. 11-57225 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-07972-OP |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Oswald Parada, Magistrate Judge, Presiding[**]

Submitted January 22, 2013[***]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Robert Guardado appeals the judgment of the district court affirming the Commissioner's final decision denying Guardado disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). We affirm.

The second step of the Social Security Administration's five-step disability evaluation screens out claimants who do not have a "severe impairment" or "combination of impairments" that significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A disability must be present for at least twelve months continuously or be expected to result in death. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden at step two. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The administrative law judge ("ALJ") determined that Guardado did not establish a severe impairment or combination of impairments present for at least twelve months. This conclusion is supported by substantial evidence. After back surgery in 2005, Guardado's work disability was listed as two months. Guardado's hypertension was described as appropriately controlled with medication. The record does not indicate that Guardado has continuously severe back or heart problems.

11-57225

Guardado argues that the ALJ erred in its analysis of the medical opinion from Dr. Singh, who performed an examination at the request of the Social Security Administration. The ALJ explicitly considered Dr. Singh's opinion based upon his diagnosis and functional assessment. Dr. Singh's assessment is not inconsistent with the ALJ's finding that Guardado did not satisfy the twelve month duration requirement.

Guardado argues that the ALJ improperly rejected the opinion of the non-examining state agency physician, Dr. Gilpeer. However, there is nothing in Dr. Gilpeer's physical residual capacity assessment that would support a determination that Guardado has satisfied the twelve month duration requirement.

Guardado argues that an individual of his age and education who is limited to light work is presumptively disabled pursuant to the applicable medical-vocational guidelines. This argument is unpersuasive because the guidelines are applied at step five of the sequential evaluation process where a claimant has already been found to have a severe impairment. *See Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

**AFFIRMED.**